UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZIZ BEKLER, | Case No. 1:25-cv-1961-JDP |
| Petitioner, | |
| v. | ORDER |
| KRISTI NOEM, *et al.*, | |
| Respondents. | |

On January 5, 2026, the court granted petitioner's motion for a temporary restraining order and ordered petitioner's immediate release from custody. ECF No. 16. On January 12, 2026, the court ordered respondents to show cause as to why this court should not issue a preliminary injunction on the same terms as the order granting the motion for a temporary restraining order. ECF No. 17.

In response, respondents "maintain their opposition to the granting of a preliminary injunction in this matter[] on the same grounds as stated in their December 30, 2025, Opposition to Petitioner's Motion for Temporary Restraining Order." *Id.* at 1. Respondents also ask that should the court grant the preliminary injunction, that respondents' deadline to file a response to the petition be set for 180 days after the court issues an order on the preliminary injunction. *Id.* Respondents argue that this delay will allow the government to present an informed brief based on this rapidly evolving area of law; they note that relevant cases are currently on appeal before

1

the Court of Appeals, including *Rodriguez Vasquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025), Ninth Circuit docket no. 25-6842. *Id.*

Since respondents assert no new arguments and because the standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical," *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the court grants the preliminary injunction on the same grounds as the motion for a temporary restraining order. Further, because this court has found that petitioner is likely to succeed on the merits of his claims, it is unnecessary to delay issuing judgment. While the decision in *Rodriguez Vasquez* may turn out to be relevant, a somewhat unsettled legal landscape does not justify a lengthy stay of the matter before this court. Notably, *Rodriguez Vasquez* has yet to be argued and was only recently submitted. Thus, respondents' request is denied.

If additional briefing is needed to decide the merits, within fourteen days of the date of this order, respondents may file an answer. If respondents file an answer, petitioner may file a traverse within seven days. If respondents do not file an answer by this deadline, the matter will be deemed submitted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a preliminary injunction is GRANTED;

2. Respondents are enjoined and restrained from re-detaining petitioner, absent exigent circumstances, without first providing petitioner with written notice and a pre-detention hearing before a neutral adjudicator.

3. If additional briefing is needed, respondents may file an answer within fourteen days of the date of this order. If respondents file an answer, petitioner may file a traverse within seven days. If respondents do not file an answer by this deadline, the matter will be deemed submitted.

IT IS SO ORDERED.

Dated:   February 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE